**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1452-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEPHEN V. MAURRASSE,

     Defendant-Appellant.

_____

Submitted April 28, 2020 – Decided May 12, 2020

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 12-03-0208.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the briefs).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Amanda Paige Frankel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Stephen Maurrasse appeals an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Because defendant's petition is procedurally barred under Rule 3:22-5, we affirm.

Following the denials of his motions to suppress his statement and evidence seized from his apartment, a jury convicted defendant of armed robbery and weapons offenses, charged in the same Somerset County indictment as his co-defendant, Jeremy Grant. The judge sentenced defendant to an aggregate thirteen-year prison term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On direct appeal, we affirmed defendant's convictions and sentence. State v. Grant, No. A-5470-13 (App. Div. Mar. 13, 2017) (slip op. at 32). The Supreme Court denied certification on October 16, 2017.[1] We incorporate by reference the facts and procedural history set forth in our prior opinion. Id. at 1-9.

Pertinent to this appeal, Grant provided a statement to police inculpating himself and defendant in the knife-point robbery of a victim, who had responded to a Craigslist advertisement for discounted cellphones and tablets. Id. at 1-4.

---

[1] Defendant was tried separately from Grant, but we consolidated their appeals and issued one opinion.

The cellphone number listed in the advertisement was subscribed to defendant's girlfriend. Id. at 4. Pursuant to a communication data warrant, police intercepted incriminating text messages that had been exchanged between that cellphone number and Grant's cellphone on the day of the robbery. Id. at 5.

After Grant gave his statement, the police responded to defendant's apartment. Ibid. Defendant's girlfriend answered the door and told police defendant was not home. Ibid. But, "police saw a man in the back of the apartment." Ibid. "An officer called out [defendant]'s name, stated that he wanted to talk with him, and [defendant] began walking towards the officer." Id. at 5. The police entered the apartment and arrested defendant without a warrant. Id. at 5, 29.

When police asked defendant's girlfriend to accompany them to headquarters, she responded that "she needed to bring her child and gather her belongings." Id. at 6. Accompanying the girlfriend to the bedroom, the police observed a cellphone on the bed, and seized it after confirming it was identified with the same number listed in the Craigslist advertisement. Ibid. After waiving his Miranda[2] rights, defendant gave a statement implicating Grant and himself in the robbery. Id. at 6.

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

On direct appeal, defendant argued the trial court erroneously denied his suppression motions. Id. at 10-11. Defendant claimed police coerced him to make the statement, asserting they would otherwise arrest his pregnant girlfriend; and "the cellphone should have been suppressed because the police entered his apartment without a warrant, and saw and seized the phone when they illegally followed his girlfriend into a bedroom." Id. at 27. We rejected both arguments. Id. at 27, 29-30.

In reaching our decision, we expressly recognized:

> [Defendant] argues that the police did not have a warrant and they entered the apartment without consent. He goes on to argue that there were no other exceptions justifying the entry into the apartment. In response, the State argues that [defendant] never challenged the entry into the apartment before the trial court.
>
> We need not over analyze those contentions. The record developed during the suppression hearing demonstrates that [defendant] raised an issue as to the entry into the apartment. The trial court, however, properly rejected that argument finding that there was probable cause to arrest [defendant]. Thus, when the detectives saw [defendant] in the apartment, they had the right to step into the apartment and arrest him.
>
> [Id. at 29-30 (emphasis added).]

We distinguished "[t]he facts as found by the trial court" from those in State v. Legette, 227 N.J. 460 (2017):

In Legette, the [C]ourt held that it is not permissible for the police to follow the suspect into his home during an investigatory stop. Here, in contrast, the trial court found that the police had probable cause to arrest [defendant]. Moreover, the police did not enter the apartment until they saw and verified that [defendant] was present. Under these circumstances, the entry into the apartment was lawful.

[Grant, slip op. at 30 (emphasis added).]

Defendant filed a pro se PCR petition claiming his trial and appellate counsel were ineffective. Defendant asserted trial counsel should have moved to suppress his statement "because it was the product of an illegal arrest and unattenuated detention." Acknowledging the trial court found probable cause existed "to arrest him, in the context of the seizure of plain-view evidence," defendant nonetheless asserted his trial attorney should have called him to testify to explain the circumstances of his arrest were not as police described. Defendant also acknowledged his "appellate attorney argued that the entry into his home was illegal," but asserted that "argument was made in the context of suppressing the cellphone that was seized" and not to support his claim that his post-arrest statement was the fruit of an illegal arrest.

Following oral argument, the PCR judge, who did not decide defendant's suppression motions, issued the order under review accompanied by a thorough written decision. Citing our opinion on defendant's direct appeal, the judge

determined, "regardless of the context in which appellate counsel argued the [suppression] issue, the Appellate Division found the arrest lawful." Because we had previously adjudicated the claims defendant raised on PCR, the judge determined they were procedurally barred under Rule 3:22-5.

The PCR judge also addressed the merits of defendant's assertion that trial counsel was ineffective for failing to permit him to testify on his own behalf at the suppression hearing. The judge recognized the existence of several "strategic reasons for a defense attorney to refrain from calling a defendant" as a witness in a suppression hearing. Those reasons may include "prematurely reveal[ing] trial strategy [thereby] hinder[ing] one's defense," and using that testimony against the defendant should he testify at trial. Accordingly, the judge concluded "under Strickland,[3] trial counsel's assistance did not fall below an objective standard of reasonableness, and furthermore, [defendant] was not prejudiced by counsel's decision."

On appeal, defendant raises the following points for our consideration:

---

[3] Strickland v. Washington, 466 U.S. 668, 687 (1984) (enunciating a two-pronged test a defendant must satisfy to establish a prima facie case of ineffective assistance of counsel: that counsel was deficient or made egregious errors, so serious that counsel was not functioning effectively as guaranteed by the Sixth Amendment of the United States Constitution; and counsel's deficient performance actually prejudiced the accused's defense); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland analysis in New Jersey).

POINT I

TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO RAISE THE ISSUE OF WHETHER THE POLICE WERE REQUIRED TO HAVE AN ARREST WARRANT PRIOR TO ENTERING THE DEFENDANT'S PREMISES AND ARRESTING HIM

POINT II

THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING

POINT III

THE DEFENDANT IS ENTITLED TO DE NOVO REVIEW, AND NO DEFERENCE SHOULD BE GIVEN TO THE ERRONEOUS CONCLUSION BELOW.

More particularly, defendant contends his PCR petition was not procedurally barred because trial counsel "never challenged the illegal and warrantless police entry" and, as such, we did not decide that issue on appeal. Defendant claims our decision concerning defendant's arrest was dictum because the record was not fully developed before us to decide the issue. Defendant abandons his arguments against appellate counsel and that trial counsel was ineffective for failing to call him as a witness at trial. Instead, defendant seeks a new trial, or an evidentiary hearing so that trial counsel can

"explain why he thought that the police may enter a residence based solely on probable cause" without a warrant.

Because defendant's contentions on appeal challenge the PCR judge's legal conclusions, our review is de novo. State v. Parker, 212 N.J. 269, 278 (2012). Having conducted that review here, we conclude defendant's contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by the PCR judge in his well-reasoned decision, adding only the following comments.

When an issue has been determined on the merits in a prior appeal it cannot be re-litigated in a later appeal of the same case, even if of constitutional dimension. R. 3:22-5; State v. McQuaid, 147 N.J. 464, 484 (1997). The Rule 3:22-5 bar will preclude a PCR argument if the issue "is identical or substantially equivalent" to the issue previously adjudicated on its merits. McQuaid, 147 N.J. at 484. The procedural bar is consistent with New Jersey's public policy, which aims "to promote finality in judicial proceedings." Id. at 483.

As the PCR judge correctly determined, we expressly addressed defendant's warrantless arrest on direct appeal. Grant, slip op. at 29-30. And, as we observed, trial counsel "raised an issue as to the entry into the apartment"

8

before the trial court. Id. at 29. Accordingly, because that "substantially equivalent" issue was raised in defendant's PCR petition and decided on direct appeal, Rule 3:22-5 precluded the PCR judge's consideration of defendant's argument.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9